UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| In re:<br><br>SETH BASIL COLCHESTER,<br><br>Petitioner,<br><br>v.<br><br>JEWEL LAZARO,<br><br>Respondent. | Case No. _____<br><br>[State Court C/A No. 18-2-07242-31]<br><br>**NOTICE OF REMOVAL**<br><br>***CLERK'S ACTION REQUIRED*** |

Respondent, Ms. Jewel Lazaro, hereby gives notice that this action is removed from the Superior Court of Washington for Snohomish County, Civil Action No. 18-2-07242-31, to the United States District Court for the Western District of Washington under 28 U.S.C. §§ 1331, 1441(a), and § 1446(a) and (b). In support of this Notice of Removal, Respondent states the following:

1.  On July 16, 2020, Petitioner filed this action in the Superior Court of Washington for Snohomish County against Respondent. Respondent was served the Petition for Return of Child Under the Convention on the Civil Aspects of International Child Abduction on October 25, 2020. Under Local Rule 101(b), a copy of the Petition filed in the

NOTICE OF REMOVAL

Snohomish County Superior Court is attached to this Notice as Exhibit 1. The action is now pending in the Snohomish County Superior Court, which is within this District. The Petition alleges claims governed exclusively by federal and international law.

2. Under 28 U.S.C. § 1441(a), Respondent may remove to the District Court of the United States, for the district covering the place where such action is pending, any civil action brought in a state court over which the U.S. District Courts have original jurisdiction. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As reflected in Exhibit 1, the Petition arises exclusively under a treaty (the Convention on the Civil Aspects of Child Abduction, hereafter the "Convention") and the laws (the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001–9011) of the United States. This Court thus has original jurisdiction over the action. *See* 42 U.S.C. § 11603(a) ("The courts of the States and the United States district courts shall have concurrent original jurisdiction actions arising under the Convention.").

3. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceedings shall be filed within 30 days after the receipt of defendant, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which such action or processing is based[.]" Under federal and state law, Petitioner was required to personally serve the Petition on Respondent. RCW 26.27.481 (providing that a petition for the return of a child "must be served, by any method authorized by the law of this state, upon the respondent and any person who has physical custody of the child"); RCW 4.28.080(16) (providing that service on a resident of the state must be done "personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein"); 42 U.S.C. § 11603(c) ("Notice of an action … shall be given in accordance with the applicable law governing notice in interstate child custody

proceedings."). Respondent, a resident of the State of Washington, was not personally served until October 25, 2020. This Notice is thus timely.

4. The Petition alleges misconduct that occurred exclusively in 2020. *See* Ex. 1 at 2-4. Despite this uncontested fact, the Snohomish County Superior Court erroneously assigned the Petition a Civil Action number (18-2-07242-31) that relates to a 2018 action involving Petitioner and Respondent. That action was adjudicated on the merits. *See* Ex. 2. Notwithstanding the incorrect assignment to Civil Action No. 18-2-07242-31, the filing of the Petition is a new action under both federal and state law and so the 30-day removal deadline did not begin to run until Respondent was served on October 25, 2020. *See* 42 U.S.C. § 11603(f)(3) ("[T]he term 'commencement of proceedings,' as used in article 12 of the Convention, means, with respect to the return of a child located in the United States, the filing of a petition in accordance with subsection (b) of the section."); Wash. Super. Ct. Civ. R. 3 (providing that a new action commences in Washington upon "service of a copy of a summons together with a copy of a complaint").

5. In accordance with 28 U.S.C. § 1446(d), written notice of filing this removal notice will be served on Petitioner and filed with the Clerk of Courts for the Snohomish County Superior Court, promptly following the filing of this Notice.

Respondent therefore requests that the action pending against her in the Snohomish County Superior Court be removed to the United States District Court for the Western District of Washington.

| | | |
|---|---|---|
| 1 | Dated: October 25, 2020 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 2 | | By:  *s/John W. Wolfe* |
| 3 | | *s/Aaron P. Brecher* |
| | | *s/Melanie D. Phillips* |
| 4 | | *s/Caitlin Sheard* |
| | | *s/Shane McCammon* |
| 5 | | *s/Alison Epperson* |
| | | *s/Ciarra Carr* |

John W. Wolfe (WSBA No. 8028)
Aaron P. Brecher (WSBA No. 47212)
Melanie D. Phillips (WSBA No. 48945)

701 Fifth Avenue, Suite 5600
Seattle, WA 98104-7097
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301
jwolfe@orrick.com
abrecher@orrick.com
mphillips@orrick.com

Caitlin Sheard
(*Pro Hac Vice* Application Forthcoming)
Shane McCammon
(*Pro Hac Vice* Application Forthcoming)

Columbia Center
1152 15th Street N.W.
Washington, D.C. 20005-1706
Telephone: +1 202 339 8400
Facsimile:  +1 202 339 8500
csheard@orrick.com
smccammon@orrick.com

Alison Epperson
(*Pro Hac Vice* Application Forthcoming)
Ciarra Carr
(*Pro Hac Vice* Application Forthcoming)

51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 212 506 5000
Facsimile:  +1 212 506 5151
aepperson@orrick.com
ccarr@orrick.com

LAW OFFICE OF SHIRA KAUFMANN PLLC

By: */s/ Shira Kaufman*

Shira Kaufman (WSBA No. 54447)

2811 E. Madison Street, Suite 202
Seattle, WA  98112
Telephone: +1 206 880 0674
Facsimile: +1 206 548 4109
shirak@shirakaufmanlaw.com

*Attorneys for Respondent*

**CERTIFICATE OF SERVICE**

I certify that on October 25, 2020, I served a copy of the foregoing, including exhibits, upon the below counsel for Petitioner via electronic mail:

Caleb O. Bonm (WSBA No. 42970)
Skellenger Bender, P.S.
1301 Fifth Ave., Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501
caleb@skellengerbender.com

Ian Johnson
Anderson Hunter Law Firm, P.S.
2707 Colby Avenue, Suite 1001
Everett, WA 98201
ijohnson@andersonhunterlaw.com

Respectfully submitted,

*s/Aaron P. Brecher*
Aaron P. Brecher (WSBA No. 47212)

Attorney for Respondent