# Exhibit 1

E

SUPERIOR COURT OF WASHINGTON FOR SNOHOMISH COUNTY

| | |
|---|---|
| In re:<br><br>SETH BASIL COLCHESTER,<br><br>          Petitioner<br><br>   and<br><br>JEWEL LAZARO,<br><br>       Respondent | NO. 18-2-07242-31<br><br>PETITION FOR RETURN OF CHILD UNDER THE CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION |

## I. INTRODUCTION

This Petition is brought pursuant to the Convention on the Civil Aspects of International Child Abduction (hereinafter referred to as "the Convention"), and the International Child Abduction Remedies Act (hereinafter referred to as "ICARA"). The Convention came into effect in the United States on July 1, 1988. The convention came into effect as between the United States and Spain on July 1, 1988.

The Convention is a treaty between sovereign states, and therefore is entitled to the same weight and deference as the Constitution of the United States. The objectives of the Convention are to: (a) secure the prompt return of children wrongfully removed from or retained in any

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

Contracting State; and (b) ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.[1]

## II.    JURISDICTION

The Convention is enforced in the United States via the ICARA. Original jurisdiction is concurrent in both state and federal courts.[2] Any person seeking to initiate judicial proceedings for the return of a child may file a civil action in the appropriate court where the child is located.[3] Here, the Respondent, Jewel Lazaro and the minor child, SL-C                                , are currently residing in Snohomish County, Washington. Therefore, this Court has jurisdiction.

## III.    STATUS OF THE PETITIONER AND MINOR CHILD

The Petitioner, Seth Colchester, and the Respondent, Jewel Lazaro, are the biological parents of SL-C                    (age 5). The Petitioner has a right of custody to the child in this case within the meaning of Articles 3 and 5 of the Convention in that he acknowledged the child's birth and is registered as her father. At the time of removal, the Petitioner was exercising his rights of custody with the child.

## IV.    WRONGFUL REMOVAL AND RETENTION OF THE CHILD

Petitioner has sole custody of the minor child and was exercising his rights to custody pursuant to a final custody order and parenting plan dated January 9, 2020 issued after a custody trial by the Court of First Instance No. 15 of Barcelona (Family Division) (hereinafter "custody order"). This custody order was interrupted when the Respondent removed the child from her habitual residence without the Petitioner's consent.

---

[1] *See* Convention on the Civil Aspects of International Child Abduction at Article 1.
[2] 22 USC 9003(a)
[3] 22 USC 9003(b)

PETITION FOR RETURN OF CHILD UNDER THE
CONVENTION ON THE CIVIL ASPECTS OF
INTERNATIONAL CHILD ABDUCTION – 2

Petition for Return of Child

skellenger bender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

This is the third time that Respondent has unlawfully abducted the child to the United States in violation of lawful court orders in Spain, and the second Petition for Return of Child under the Hague Convention that Petitioner been required to file. On or around April 14, 2020, the Respondent took the child from Barcelona, Spain and traveled to Snohomish County, Washington, without the Petitioner's knowledge or consent. The Respondent has refused to disclose her exact whereabouts to the Petitioner. The Respondent never provided consent for child to travel to the United States.

The Petitioner has since applied to the Central Authorities of Spain and the United States for the return of the child to her habitual residence in Spain.[4] The United States Central Authority for the Hague Abduction Convention has accepted the Petitioner's Hague Application.[5] Counsel for Petitioner has requested that Respondent voluntarily return the child to Petitioner, but Respondent (through counsel) has refused. The Respondent has continued to fail to return the child to Spain – necessitating these proceedings.

V.    CUSTODY PROCEEDINGS IN SPAIN

The parties were engaged in nearly two years of litigation concerning the custody of the child in Spain, which included a comprehensive parenting evaluation and a full custody trial. After the trial, the Spanish courts entered a final custody order and parenting plan on January 9, 2020, awarding sole custody to Petitioner.  Subsequent to Respondent's abduction of the child in April of 2020, the Spanish Courts issued an order that declared that Spain is the child's

---

[4] *See* Declaration of Seth Colchester, at Sealed Exhibit I, filed separately as Sealed Confidential Report.
[5] *See* Declaration of Seth Colchester, at Sealed Exhibit I, at page 12, filed separately as Sealed Confidential Report.

PETITION FOR RETURN OF CHILD UNDER THE
CONVENTION ON THE CIVIL ASPECTS OF
INTERNATIONAL CHILD ABDUCTION – 3

Petition for Return of Child

skellengerbender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

habitual residence, and that the child's removal from her habitual residence, by the Respondent, was illegal.

Pursuant to Article 16 of the Convention, the Petitioner respectfully requests that the Courts of this state stay any other proceedings concerning the custody of the child, pending a return hearing of this matter.

## VI. PROVISIONAL REMEDIES

Any Court exercising jurisdiction of an action brought under 25 USC 9003(b) may take, or cause to be taken, measures under Federal or State law, as appropriate, to protect the well-being of the child involved, or to prevent the child's further removal or concealment before the final disposition of the Petition.[6]

Here, the Petitioner believes that, upon being informed of these proceedings, the Respondent may further abduct and abscond with the child.[7] Thus, the Petitioner requests that this Court issue an immediate Writ of Habeas Corpus and Warrant in Aid of Writ of Habeas Corpus, which requires any and all law enforcement officials in the State of Washington to take the child into immediate custody and place the child in the custody of the Petitioner's agent until a determination is made under this Petition or until further order of the Court.

Pending a return hearing, and further Court order, it is requested that this Court issue an immediate order prohibiting the removal of the child from the jurisdiction of this Court, unless she is placed with the Petitioner or his agent.

The Petitioner further requests immediate access to the child, and that the child's passport be turned to her designated agent for safekeeping until the Petitioner can arrive to

---

[6] 22 USC 9004(a)

[7] *See* Petition for Writ of Habeas Corpus and Warrant in Aid of Writ of Habeas Corpus filed separately herewith.

PETITION FOR RETURN OF CHILD UNDER THE
CONVENTION ON THE CIVIL ASPECTS OF
INTERNATIONAL CHILD ABDUCTION – 4

Petition for Return of Child

skellenger bender

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501

Washington State to retrieve the child. Although the Petitioner is currently in Spain, he will give authority to a designated agent/person in the United States to act as his agent until he can travel to the United States to retrieve the child.

## VII.    RELIEF REQUESTED

The Petitioner respectfully requests that this Court:

    a.  Issue a Writ of Habeas Corpus and Warrant in Aid of Writ of Habeas Corpus, directing the Snohomish County Sheriff to take the child into custody;

    b.  Set an expedited hearing as soon as possible, after the child is taken into custody, to make a determination regarding the return of the child. If a return hearing cannot be held on the same day the child is recovered, the child should be placed into the care and custody of the Department of Social and Health Services (DSHS~DCFS), the Petitioner, or the Petitioner's agent (if available) until the first date court is in session following the date of the recovery of the child;

    c.  Following the return hearing, order that the child shall be turned over to Petitioner or to the custody of an agent for the Petitioner, as designated by the Petitioner, until such a time that Petitioner can come to the United States to take custody and return the child to Spain;

    d.  Order that the child shall not be removed from the jurisdiction of this Court, pending the hearing;

    e.  Order the Respondent to pay all expenses incurred by the Petitioner in this matter including the Petitioner and child's airfare, hotel, nourishment, other travel expenses and necessities, and attorneys' fees and costs incurred by the Petitioner in securing

PETITION FOR RETURN OF CHILD UNDER THE
CONVENTION ON THE CIVIL ASPECTS OF
INTERNATIONAL CHILD ABDUCTION – 5

Petition for Return of Child

1    the return of the child to her habitual residence (for both this proceeding and the

2    prior petition for return of child); and

3    f.   Any further relief as justice may require.

4    Dated this 16th day of July, 2020.

5    
     _____
6    Caleb O. Bonm, WSBA No. 42970
     SKELLENGER BENDER, P.S.
     Ian Johnson, WSBA 39724
7    ANDERSON HUNTER LAW FIRM, P.S.
     Attorneys for Petitioner

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

PETITION FOR RETURN OF CHILD UNDER THE
CONVENTION ON THE CIVIL ASPECTS OF
INTERNATIONAL CHILD ABDUCTION – 6

Petition for Return of Child

**skellengerbender**

1301 - Fifth Avenue, Suite 3401
Seattle, Washington 98101-2605
(206) 623-6501