THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>SETH BASIL COLCHESTER,<br><br>              Petitioner,<br><br>   v.<br><br>JEWEL LAZARO,<br><br>             Respondent. | CASE NO. C20-1571-JCC<br><br>ORDER |

This matter comes before the Court on Petitioner Seth Basil Colchester's motion for immediate return of a child pursuant to the 1980 Hague Convention on the Civil Aspects of International Child Abduction ("Convention") (Dkt. No. 17). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion for the reasons explained herein.

It is undisputed that a Spanish court awarded Mr. Colchester sole custody of S.L.C., his five-year-old child with Respondent Jewel Lazaro, in January 2020. (Dkt. Nos. 23-1 at 19, 26 at 5.) It is also undisputed that Ms. Lazaro brought S.L.C. to this Court's jurisdictional district, in violation of the Spanish court's order, in April 2020. (Dkt. Nos. 17 at 3, 26 at 12.)[1] This is not

---

[1] S.L.C. is currently under the care of S.L.C.'s maternal grandmother and/or aunt, who are serving as Mr. Colchester's agent in this capacity. (Dkt. Nos. 13 at 2, 17 at 6, 26 at 13.)

the first time Ms. Lazaro has violated a court's order regarding S.L.C.'s custodial arrangement. (Dkt. No. 12-9 at 3–4, 17 at 3, 26 at 9.)

Following the most recent abduction, Mr. Colchester brought a petition to the Snohomish County Superior Court, seeking S.L.C.'s immediate return to him in Spain, as provided by the Convention and as implemented by the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. §§ 9001–9011. (*See* Dkt. No. 1-1.) Ms. Lazaro removed the matter to this Court. (Dkt. No. 1.)

Presently before the Court is Mr. Colchester's motion for judgment on the pleadings.[2] (*See generally* Dkt. Nos. 17, 33.) Mr. Colchester asks the Court to order Ms. Lazaro to return S.L.C. to Mr. Colchester's care in Spain. (*Id.*) He seeks this order without the Court's consideration of summary judgment briefing or an evidentiary hearing. (*Id.*) According to Mr. Colchester, the Court has "'a substantial degree of discretion in determining the procedures necessary to resolve a petition filed pursuant to the Convention and ICARA.'" (Dkt. No. 33 at 3 (quoting *West v. Dobrev*, 735 F.3d 921, 930 (10th Cir. 2013).) However, to obtain the relief Mr. Colchester seeks, Mr. Colchester must, at a minimum, establish a *prima facie* case that Ms. Lazaro's April 2020 removal of S.L.C. from Spain was wrongful under Spanish law and that Spain was S.L.C.'s "habitual residence" at that time. 22 U.S.C. § 9003(e)(1)(A); *Shalit v. Coppe*, 182 F.3d 1124, 1128 (9th Cir. 1999).

Ms. Lazaro cannot meaningfully dispute that her April 2020 removal of S.L.C. was wrongful under Spanish law. (*See* Dkt. No. 23-1 at 172–73 (April 14, 2020 ruling from Spanish court for S.L.C.'s immediate return to Mr. Colchester in Spain).) Therefore, this is not an obstacle to the relief Mr. Colchester seeks.

But it is not clear to the Court that Mr. Colchester has met his burden to establish that

---

[2] Mr. Colchester did not style his motion as one seeking a judgment on the pleadings, but in reply argued that this Court has authority to provide the relief he seeks through a judgment on such a motion. (Dkt. No. 33 at 2–3.) Therefore, the Court will consider the instant motion to be one seeking a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

S.L.C. was "habitually resident" in Spain prior to her removal. Convention at Article 3(a). This is a "fact-driven inquiry," with a final determination based upon the totality of the circumstances. *Monasky v. Taglieri*, 140 S. Ct. 719, 727 (2020). At a minimum, Mr. Colchester must establish habitual residence by a preponderance of the evidence. *See Shalit*, 182 F.3d at 1128; *In re Tsarbopoulos*, 243 F.3d 550, slip op. at 1 (9th Cir. 2000) (unpublished). If he were to do so, the burden would shift to Ms. Lazaro to demonstrate, by clear and convincing evidence, that returning S.L.C. to Mr. Colchester's care would result in a grave risk of physical or psychological harm. 22 U.S.C. § 9003(e)(2)(A).

In support of his assertion that S.L.C. habitually resided with him in Spain at the time of Ms. Lazaro's most recent abduction, Mr. Colchester presents his own November 21, 2020 declaration, *ex parte* findings from a Spanish court dated April 14, 2020, and findings from the Snohomish and King County Superior Courts on related but separate issues dated July 24, 2020 and October 28, 2020, respectively. (Dkt. Nos. 23 at 3–5; 23-1 at 113, 168, 172.) These documents would provide *some* evidence that S.L.C.'s habitual residence at the time of removal was with him in Spain. But they are rebutted by Ms. Lazaro's own December 7, 2020 declaration and a report prepared by a Spanish psychologist who interviewed S.L.C. at a hotel in Spain shortly after Ms. Lazaro absconded with her. (*See* Dkt. Nos. 32 at 1–14, 32-3, 32-4, 51, 51-1.) Without a hearing or other means to assess the credibility of this evidence, the Court cannot determine whether Mr. Colchester has met his evidentiary burden.[3]

For the foregoing reasons, Mr. Colchester's motion for immediate return (Dkt. No. 17) is DENIED. If either party wishes to expedite the case management deadlines previously provided in the Court's entry (Dkt. No. 5) or suggest an alternative means of resolving their dispute, they may so move, either on a contested or stipulated basis. But absent such a motion, the parties

---

[3] The Court disregards the Snohomish County Superior Court's 2018 findings on this issue because it predates, by more than a year, S.L.C.'s removal and does not consider the legal standard established in *Monasky*, 140 S. Ct. at 727, for assessing the habitual residency of a young child. (*See* Dkt. No. 12-9 at 3.)

1   should anticipate that this matter will proceed in due course.

2   DATED this 23rd day of December 2020.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE