THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>SETH BASIL COLCHESTER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JEWEL LAZARO,<br><br>　　　　　Respondent. | CASE NO. C20-1571-JCC<br><br>ORDER |

This matter comes before the Court on Seth Basil Colchester's petition for return of a child pursuant to the 1980 Hague Convention on the Civil Aspects of International Child Abduction ("Convention") (Dkt. No. 1-1). Having thoroughly considered the parties' briefing and the relevant record, and having conducted an evidentiary hearing on disputed issues, the Court hereby GRANTS the petition for the reasons explained herein.

It is undisputed that a Spanish court awarded Mr. Colchester full custody of S.L.C., his now six-year-old child with Respondent Jewel Lazaro, in January 2020. (Dkt. No. 23-1 at 16–41; Petitioner's Trial Ex. 21.) It is also undisputed that Ms. Lazaro brought S.L.C. to this Court's jurisdictional district in violation of the Spanish court's custody order in April 2020. (Dkt. Nos. 17 at 3, 26 at 12.) Nor is it disputed that a Spanish court has since held that Ms. Lazaro's April 2020 removal of S.L.C. from Spain was unlawful. (Dkt. No. 58; Petitioner's Trial Ex. 23.)

1   The Court held a four-day evidentiary hearing on Mr. Colchester's petition for S.L.C.'s return under the Convention. (Dkt. Nos. 75, 76, 79, 80.) The purpose of the hearing was to determine whether (1) Mr. Colchester established, by a preponderance of the evidence, that S.L.C. was habitually resident in Spain at the time of her removal and, if so, whether (2) Ms. Lazaro established, by clear and convincing evidence, that returning S.L.C. to Mr. Colchester's care in Spain would result in a grave risk of physical or psychological harm to S.L.C. *See* 22 U.S.C. § 9003(e); *Shalit v. Coppe*, 182 F.3d 1124, 1128 (9th Cir. 1999); *Rydder v. Rydder*, 49 F.3d 369, 373 (8th Cir. 1995).

Based upon the evidence presented at the aforementioned hearing, the Court FINDS that Mr. Colchester met his evidentiary burden for S.L.C.'s immediate return under the Convention and Ms. Lazaro failed to meet her burden to establish a grave risk of harm or any other defense to returning the child pursuant to the Convention. In reaching this determination, the Court adopts and incorporates paragraphs one through ten and thirteen of Mr. Colchester's proposed findings of fact and conclusions of law. (*See* Dkt. No. 71 at 2–6, ¶¶ 1–10, 13.)

The Court notes that Ms. Lazaro has repeatedly disregarded rulings by courts of competent jurisdiction regarding S.L.C.'s custody, both in the United States and in Spain, and pursued meritless restraining and protection orders in an apparent effort to sidestep those rulings. (*See* Petitioner's Trial Exs. 1–10, 19–22, 45.) For example, Ms. Lazaro unlawfully absconded with S.L.C. in April 2018 after a Spanish court awarded the parties joint custody of S.L.C. in Spain. (Dkt. No. 12-4 at 30–41; Petitioner's Trial Ex. 19.) Ms. Lazaro only returned S.L.C. to Mr. Colchester once a Snohomish County Superior Court granted Mr. Colchester's previous petition for return of a child under the Convention, ordered the child be returned, and issued a warrant in aid of her return. (*See* Petitioner's Trial Exs. 1–5.)

Ms. Lazaro again absconded with S.L.C. in April 2020, unlawfully travelling to the United States during the COVID-19 pandemic using a passport for S.L.C. that Ms. Lazaro previously claimed to have lost after a Spanish court awarded full custody to Mr. Colchester. (*Id.*

at 21, 22.) This again necessitated a petition by Mr. Colchester for return of the child pursuant to the Convention, which is the matter presently before this Court. (*See* Dkt. No. 1-1.) But before the present petition was removed to this Court, the Snohomish County Superior Court again issued a warrant in aid of S.L.C.'s return to Mr. Colchester. (Petitioner's Trial Ex. 8.) Ms. Lazaro failed to comply with the warrant and instead went into hiding. (*Id.*) According to testimony presented at the evidentiary hearing, Ms. Lazaro left her car and phone behind in an attempt to evade detection.

      Ms. Lazaro indicated in her testimony to the Court that she was on the run with S.L.C. for months after the Snohomish County Superior Court issued a warrant for S.L.C.'s return in July 2020. During this time, Ms. Lazaro refused to disclose her location to her family or to Mr. Colchester. In fact, it was only after Mr. Colchester agreed to quash the warrant, allowing Ms. Lazaro to remove the matter to this Court and temporarily place S.L.C. in the care of her maternal grandmother and aunt, Donna Turner and Jade Oliver, that Ms. Lazaro emerged from hiding. But before doing so, she filed a series of meritless petitions for domestic violence protection orders. (*Id.* at 1, 6, 10, 12.) The Court is particularly troubled by Ms. Lazaro's behavior in making these petitions. She first filed a petition in Snohomish County Superior Court, which the court determined was "frivolous and directly contrary to the court rules and Washington law." (*Id.* at 10.) Dissatisfied with this result, Ms. Lazaro filed a similar petition in King County Superior Court, only disclosing the existence of her Snohomish County petition after the King County proceeding commenced. (*See id.* at 12.)

      Given Ms. Lazaro's repeated abuse of the legal process and disregard for resulting orders, the Court further FINDS that an award of expenses against Ms. Lazaro is not "clearly inappropriate" under the circumstances. 22 U.S.C. § 9007(b)(3).

      Accordingly, the Court ORDERS as follows:

      1. Mr. Colchester's petition for S.L.C.'s return is GRANTED. S.L.C. shall be returned to Mr. Colchester's care, custody, and control in Spain.

2. Ms. Lazaro, Donna Turner, and/or Jade Oliver are ORDERED to immediately surrender the custody and control of S.L.C. and her U.S. passport to Mr. Colchester or an agent he so designates for this purpose.

3. The United States Marshals Service shall assist Mr. Colchester or his duly-appointed agent with enforcement of this order. Specifically, the United States Marshal is DIRECTED and AUTHORIZED, as soon as practical, to enter the homes of Donna Turner, at 524 Rhodora Heights Road, Lake Stevens, Washington, 98258, and/or Jade Oliver at 114 N. French Avenue, Arlington, Washington, 98223, or any other location in the State of Washington, to execute this order and seize S.L.C. and her U.S. passport, which may also be in the possession of Ms. Lazaro. Once obtained, the United States Marshal is DIRECTED to remit custody of S.L.C. and her U.S. passport to Mr. Colchester or his duly-appointed representative. In doing so, the United States Marshal is authorized to search any part of these addresses, or any other location in the State of Washington, in search of S.L.C. or her U.S. passport. The United States Marshal is authorized to use reasonable force to execute this order and to arrest any person who impedes its execution of this order.

4. If S.L.C. is not produced at either address, the Marshals Service is instructed to apprehend and bring before the Court Ms. Turner and/or Ms. Oliver, if present, and any other person obstructing the Marshals' efforts to carry out this order. The Marshals Service is authorized to use such force as is reasonably necessary to prevent flight or a willing attempt to circumvent this order.

5. Ms. Lazaro shall pay Mr. Colchester's necessary and reasonable expenses in seeking S.L.C.'s return pursuant to Mr. Colchester's July 16, 2020 petition under the Convention. Mr. Colchester is DIRECTED to file an accounting of these expenses within seven (7) days of S.L.C.'s return to Spain. Any objection by Ms.

        Lazaro to the reasonableness and necessity of Mr. Colchester's expenses must be made by Ms. Lazaro within seven (7) days of the filing of Mr. Colchester's accounting.

6. In order to mitigate the risk of harm to S.L.C., Mr. Colchester must facilitate daily electronic communications between S.L.C. and Ms. Lazaro, and must permit in-person visits between the two in Spain. Those visits must be supervised by a mutually-agreeable person, may be limited to two calendar days per month, and must take place wholly within 50 kilometers of S.L.C.'s habitual residence in Spain. This order is subject to custody orders issued by any Spanish court of competent jurisdiction.

DATED this 26th day of February 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE