THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

SETH BASIL COLCHESTER,

                    Petitioner,

        v.

JEWEL LAZARO,

                    Respondent.

CASE NO. C20-1571-JCC

ORDER

        This matter comes before the Court on the declaration of Petitioner's counsel regarding fees (Dkt. No. 92) and Respondent's objections (Dkt. No. 93). In a previous order, the Court awarded Petitioner his "reasonable and necessary expenses in seeking S.L.C.'s return pursuant to Mr. Colchester's July 16, 2020 petition under the Convention." (Dkt. No. 87 at 4.) Through counsel, Petitioner has provided the Court with an accounting of those expenses; the total amount sought is $135,833.20. (Dkt. No. 92 at 3.) Respondent raises both a general objection to such a large award, given her inability to pay, and specific objections to items included in the accounting. (*See generally* Dkt. No. 93.) For the reasons described below, the Court OVERRULES Respondent's general objection, SUSTAINS in part her specific objections, and AWARDS attorney fees and costs to Petitioner in the amount of $99,653.50 and personal expenses in the amount of $15,330.20.

According to the International Child Abduction Remedies Act, the Court

"shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate."

22 U.S.C. § 9007.

Respondent argues that such a large award is clearly inappropriate given her inability to pay and the impact of the award on her ability to maintain a relationship with S.L.C. (Dkt. No. 93 at 3–4.) But as the Court previously indicated, Respondent's "abuse of the legal process and disregard for resulting orders" is largely to blame for the fees Respondent forced Petitioner to incur in seeking S.L.C.'s return. (Dkt. No. 87 at 3.) Given this circumstance, Respondent has failed to establish that such a large award is clearly inappropriate. Nevertheless, a number of Respondent's specific objections have merit and the Court will require adjustment to the amount awarded based on those objections.

|  | Attorney Fees and Costs | Personal Expenses |
|---|---|---|
| Amount Requested | $120,503.00 | $15,330.20 |
| Adjust paralegal rate to $120 per hour | -$7,888.00 | |
| Adjust second chair rate to $395 per hour | -$3,351.00 | |
| Less: time for unrelated litigation | -$1,635.50 | |
| Less: block-billed 2/14/21 time entry by PAO | -$4,125.00 | |
| Less: block-billed 2/15/21 time entry by PAO | -$3,750.00 | |
| Less: unsupported 2/15/21 time entry by RNR | -$100.00 | |
| Amount Awarded | $99,653.50 | $15,330.20 |

For the foregoing reasons, the Court FINDS that $99,653.50 in attorney fees and costs, and $15,330.20 in Petitioner's personal expenses, were necessary and reasonable in seeking

S.L.C.'s return pursuant to his July 16, 2020 petition under the 1980 Hague Convention on the Civil Aspects of International Child Abduction and further FINDS that Respondent has failed to establish that an award of this amount is clearly inappropriate.

DATED this 18th day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C20-1571-JCC
PAGE - 3