THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

SETH BASIL COLCHESTER,

                Petitioner,

   v.

JEWEL LAZARO,

                Respondent.

CASE NO. C20-1571-JCC

ORDER

      This matter comes before the Court on Respondent Jewell Lazaro's motion for a finding of contempt (Dkt. No. 101).[1] Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

      On February 26, 2021, the Court granted Seth Basil Colchester's petition for return of S.L.C. pursuant to the 1980 Hague Convention on the Civil Aspects of International Child Abduction. (Dkt. No. 87.) In order to mitigate the risk of harm to S.L.C., the Court ordered Mr. Colchester to "facilitate daily electronic communications between S.L.C. and Ms. Lazaro." (*Id.*

---

[1] In response, Mr. Colchester seeks attorney fees. (*See* Dkt. No. 104 at 1, 10.) But Mr. Colchester fails to provide legal argument or authority supporting the request. (*Id.*) Nor does he make the request by formal motion. Accordingly, the request is DENIED.

ORDER
C20-1571-JCC
PAGE - 1

at 5.) Ms. Lazaro alleges that Mr. Colchester has not complied with this order and asks the Court to find Mr. Colchester in contempt, demand Mr. Colchester's strict compliance with the Court's order, and direct him to pay Ms. Lazaro's reasonable attorney fees in seeking a finding of contempt. (Dkt. No. 101 at 7.)

"Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "But a person should not be held in contempt if his action '"appears to be based on a good faith and reasonable interpretation of the [court's order].'" *Id.* (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982)). Moreover, "'substantial compliance' with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." *Id.* (quoting *Vertex Distrib., Inc.*, 689 F.2d at 891). Finally, the party alleging contempt must demonstrate "that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *Id.* (quoting *Vertex Distrib., Inc.*, 689 F.2d at 889).

Ms. Lazaro alleges that she has spoken with S.L.C. on just 49 days during the 118-day period following the Court's order. (Dkt. No. 102 at 1–2.) She seeks an order of contempt on this basis. (*See generally* Dkt. Nos. 102, 106.) But Ms. Lazaro fails to establish by clear and convincing evidence that Mr. Colchester has, in fact, violated the Court's order. The Court ordered Mr. Colchester to "facilitate" daily communications between S.L.C. and Ms. Lazaro—not to *ensure* that such communications occurred. (Dkt. 87 at 5.) To facilitate is commonly understood as "to make the occurrence of (something) easier; to render less difficult." *Facilitate*, BLACK'S LAW DICTIONARY (11th ed. 2019); *see also facilitate*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (rev. ed. 2002) (similar definition).

It is uncontroverted that Mr. Colchester established an electronic communications account through Skype to facilitate daily communications between S.L.C. and Ms. Lazaro. (Dkt.

No. 105 at 2.) Both sides present evidence indicating that S.L.C. and Ms. Lazaro frequently attempted to connect through the account but often failed. (*See* Dkt. Nos. 102 at 5–71, 117–19; 105 at 86–111.) This is not unexpected, given the complexities of communications spanning many time zones between an adult and a six-year-old child, operating on very different schedules. However, it does not negate the evidence Mr. Colchester puts forward supporting his attempts to *facilitate* communications between the two, which includes evidence indicating that, on many of the days where videoconference discussions between S.L.C. and Ms. Lazaro did not occur, S.L.C. and Ms. Lazaro exchanged video recordings, electronic emojis, and other communications through other electronic means. (*See* Dkt. No. 105 at 86–111.) While the frequency and quality of communication between S.L.C. and Ms. Lazaro may not be satisfactory to Ms. Lazaro, it does not establish, by clear and convincing evidence, that Mr. Colchester failed to *facilitate* daily electronic communications between the two.

    For the reasons described above, the Court DENIES Ms. Lazaro's motion to find Mr. Colchester in contempt (Dkt. No. 101).

    DATED this 12th day of July 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE