UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SETH BASIL COLCHESTER,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>JEWEL LAZARO,<br><br>　　　　　　　　Respondent. | CASE NO. C20-1571 MJP<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION |

　　　This matter is before the Court on Petitioner's motion for reconsideration. (Dkt. No. 135.) Having considered the motion and supporting declarations, (Dkt. Nos. 135–37), the response and supporting declaration, (Dkt. Nos. 142–43), and supplemental declarations, (Dkt. Nos. 140, 141, 144, 145, 147), and after convening status conferences with the Parties on March 29 and April 7, 2022, the Court GRANTS the motion in part and DENIES it in part, as set forth in this order. The Court ORDERS the following:

- The Court DENIES reconsideration of the part of the Court's order denying Petitioner's motion to dismiss for mootness or under Rule 41;

- The Court GRANTS reconsideration of the part of the Court's order regarding the location of the psychological evaluation in light of new facts brought to the Court's attention;

- The Court ORDERS that Dr. Marsha Hedrick shall conduct the psychological examination of S.L.C. in Spain as soon as practicable; and

- The Court FURTHER ORDERS the Parties to consult with Dr. Hedrick and propose to the Court a plan for the examination, including timing and location, and a neutral party with whom S.L.C. may reside during the examination. In doing so, the Parties shall take care to minimize the disruption of S.L.C.'s schooling and other activities without compromising the importance and quality of the psychological evaluation. The Parties shall file their proposed plan within five days of this Order.

## Background

This is a proceeding under the Convention on the Civil Aspects of International Child Abduction. Petitioner Seth Basil Colchester filed this case for an order returning his minor daughter, S.L.C., to his custody in Spain. Respondent Jewel Lazaro, S.L.C.'s mother, opposes the petition and raises one of the Convention's affirmative defenses to a return order. Specifically, she contends that returning S.L.C. to Petitioner's custody would expose S.L.C. to a grave risk of physical or psychological harm.

The instant motion concerns the Court's order on the Parties' cross-motions addressing various pretrial issues that were raised after the Ninth Circuit remanded for a new trial and a psychological evaluation of S.L.C. (Dkt. No. 134.) Petitioner moved for reconsideration on the following issues: (1) the Court's denial of Petitioner's motion to dismiss the case as moot or under Rule 41; (2) its decision that the psychological examination of S.L.C. shall take place in Washington; (3) its decision that S.L.C. shall reside with her maternal grandmother during the psychological examination; and (4) its request for the psychologist conducting the exam to advise the Court whether S.L.C. should continue to stay in Washington through trial. (Dkt. No. 135.)

The central dispute in Petitioner's motion for reconsideration relates to a Spanish court order issued in April 2020 which Petitioner claims prohibits S.L.C. from leaving Spain under any circumstance. (Dkt. No. 136, Declaration of Seth Basil Colchester ¶¶ 2–3; Dkt. No. 137, Declaration of Virginia Liminaña and Elisabeth Martin Ibáñez, Ex. 1.) Petitioner also argued that the current Spanish custody order requires that he keep S.L.C. in his physical custody when traveling with her to Washington to visit maternal relatives, because of the risk that S.L.C. could be abducted. Finally, Petitioner contended that S.L.C.'s maternal grandmother was not a neutral party because she had testified at trial in this case, so it would be inappropriate for S.L.C. to reside with her during the psychological evaluation.

The Court requested a response by Respondent but limited the scope of reconsideration to two issues:

> (1) whether a Spanish court order makes it impossible for the psychological evaluation to take place anywhere other than in Spain; and (2) if the Spanish court order does not prevent Petitioner from traveling with S.L.C. outside of Spain, where and with whom S.L.C. shall reside in Washington during the psychological evaluation.

(Dkt. No. 139 at 1.) The Court also convened a status conference on March 29. (Dkt. No. 146.) It was apparent at the conference that the Court needed additional information to resolve logistical challenges to implementing the order on pretrial motions. The Court directed the Parties to meet and confer and update the Court the following week. The Court then scheduled a second status coneference, which was held on April 7. (Dkt. No. 148.)

At the April 7 conference, the Parties updated the Court with the following facts:

- the order prohibiting S.L.C. from traveling was lifted at Petitioner's request;
- Dr. Marsha Hedrick, the Court-appointed forensic psychologist, was willing and able to conduct the psychological examination of S.L.C. in Spain and could complete interviews with S.L.C. in about a week, rather than the three weeks she had originally proposed; and

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION - 3

- the period the Parties had proposed for the psychological examination in Washington—April 4 to 25—was chosen because it overlapped with S.L.C.'s Easter break. However, that schedule was no longer practicable, and the next school break is not until June 22.

## Discussion

### A.      Standard of Review

A motion for reconsideration is rarely granted. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). The Local Civil Rules also set a high standard:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Civ. R. 7(h).

The Court finds this is the rare instance where new facts justify reconsideration of part of the Court's order. In particular, the Court finds that the psychological evaluation of S.L.C. shall occur in Spain, as soon as practicable for Dr. Hedrick and the Parties. The rest of Petitioner's motion is denied, as he has not established an adequate basis for reconsidering the denial of his motion to dismiss and the other issues he has raised are rendered moot in light of the Court's decision on the location of the psychological examination.

### B.      Petitioner's Motion to Dismiss for Mootness or under Rule 41

Petitioner seeks reconsideration on the Court's order denying his motion to dismiss for mootness or under Rule 41 on two grounds. First, he contends the order was clearly erroneous. Second, he claims the Spanish order prohibiting S.L.C. from leaving Spain eliminates any legal

interest Respondent may have in this proceeding. (Dkt. No. 135 at 5.) The Court did not request a response on this issue and briefly discusses why this portion of Petitioner's motion is denied.

On his first point, Petitioner argues the Court cannot deny the petition based on a grave-risk finding because S.L.C. is already in Spain and must remain there, and also cannot order any ameliorative measures for S.L.C.'s protection, because "any such order would interfere with the Spanish court's undisputed plenary jurisdiction over S.L.C. and matters relating to her custody." (Id.) But Petitioner's cursory briefing on this issue does not identify any legal support for his position that the Court's order was clearly erroneous and fails to engage with the authority the Court cited, particularly regarding the law of the mandate. His points are not new or could have been raised in previous briefing.

Even on the merits, Petitioner's first argument reflects a misunderstanding of the Convention and the role of ameliorative measures, which are distinct from custody orders. A return order depends on a finding that a child was wrongfully removed from the child's country of habitual residence, in violation of custody rights. But even if those findings are made, a court may still deny a petition based on a grave-risk finding under Article 13(b). This is because enforcing custody rights is not the only object of the Convention, which also recognizes that "the interests of children are of paramount importance in matters relating to their custody." Hague Convention, October 25, 1980, 19 I.L.M. 1501, 1501 (1980). In addition, even if a court grants the petition, it may order measures to protect against, or ameliorate, a grave risk of physical or psychological harm. Gaudin v. Remis, 415 F.3d 1028, 1035 (9th Cir. 2005). Such measures may be taken in the jurisdiction of the court hearing a petition or in the child's country of habitual residence (if different) and may take many forms, from immediate arrangements to protect physical safety to entering a mirror protective order in the country of habitual residence.

See Hague Conf. on Private Int'l L., Guide to Good Practice under the Convention of 25 Oct. 1980 on the Civ. Aspects of Int'l Child Abduction, Part VI: Art. 13(1)(b) at 34–35. Ameliorative or protective measures do not determine custody rights and are not designed to supplant custody proceedings.

The Court need not address Petitioner's argument that the prohibition on S.L.C.'s travel justifies reconsideration, because that has been lifted. In short, Petitioner has not shown manifest error or new facts that would justify the Court reconsidering its denial of his motion to dimiss for mootness or under Rule 41.

### C. Where the Psychological Examination Shall Take Place

With respect to the location of the psychological examination, the Court finds that new facts justify reconsideration. The Court and the Parties were unaware that Petitioner would be prevented from traveling to the United States with S.L.C. because of a criminal court order issued in April 2020. While that order has been lifted, the process of resolving that issue delayed the proceeding such that the dates the Parties proposed for the psychological evaluation— selected to minimize disruption of S.L.C.'s schooling—are no longer practicable. The Court was also unaware of S.L.C.'s school schedule and the fact that the next available break is not until June 22. Waiting until then for an international trip would delay the proceeding. In addition, the fact that Dr. Hedrick is willing to do the examination in Spain, and can do it within a shorter timeframe, was not previously before the Court. Finally, the Court was also unaware that S.L.C.'s maternal grandmother had testified at trial.[1] Given Dr. Hedrick's recommendation that the person who should transport S.L.C. to and from interview sessions, and with whom S.L.C.

---

[1] The Honorable John C. Coughenour presided over the trial and recused himself after the Ninth Circuit reversed and remanded for a new trial. (Dkt. No. 113.)

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION - 6

should reside during the examination, should be someone the parents agree would not attempt to influence the child, the Court agrees it would be better if the Parties can identify someone who had not participated in the first trial, unless the Parties agree that person meets the standard Dr. Hedrick has set. Taking these new facts into account, and considering the expedited nature of Convention proceedings, the Court finds that the most appropriate course of action, and the best way to move this case forward, is for Dr. Hedrick to conduct the psychological examination in Spain.

## Conclusion

In light of new facts brought to the Court's attention, the Court GRANTS Petitioner's motion for reconsideration, to the extent set forth in this order. The Court DENIES the remainder of the motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 11, 2022.

Marsha J. Pechman
United States Senior District Judge